David M. Garland, SBN: 223679
LAW OFFICE OF DAVID GARLAND
455 Capitol Mall #802
Telephone: (916) 366-1069
Email: dgarland@rocketmail.com

Attorneys for Defendant,
Aleksandr Maslov

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ALEKSANDR MASLOV,<br><br>Defendant. | Case No. 2:12-CR-00322 JAM<br>            2:14-CR-00083 JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 20 2021<br>TIME: 9:30 a.m.<br>DEPT.: Hon. John A. Mendez |

By previous order, this case was set for status conference on April 20, 2021.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. Sec. 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]

---

[1] A judge "may order case-by-case exceptions" at the discretion of that Judge "or upon the request of counsel, after consultatation with counsel and the Clerk of Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "deman[ding] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act – which *Zedner* emphasizes as both mandatory and inexcusable – General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-Justice continuances are excludable only if "the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*.

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week end-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The curt recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant

public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, the Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time.")

## STIPULATION

Plaintiff United States of America, by and through its' counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows;

1. By previous order, this matter was set for status on April 20, 2021.

2. By this stipulation, defendant now moves to continue the status conference until April 27, 2021, and to exclude time between April 20, 2021 and April 27, 2021, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with these cases is voluminous and complex and includes law enforcement reports and records. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) Counsel for defendant desires additional time to review the provided discovery, conduct legal research, consult with the defendant, and otherwise prepare for trial. The undersigned defense counsel was recently appointed to represent the defendant in

both of the above-entitled matters. The United States has tendered a plea agreement to defense counsel that, if accepted, will resolve both cases before the Court. Defense Counsel requires additional time to review the proposed plea agreement, consult with the defendant about the proposed plea agreement, and conduct legal research with respect to the proposed plea agreement.

c) Counsel for defendant believes the failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) In addition to the public heath concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period April 20, 2021 to April 27, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's findings that the ends of justice served by taking such an action outweigh the best interest of the public and the defendant in a speedy trial.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: April 19, 2021                    PHILLIP A. TALBERT
                                         Acting United States Attorney


                                         /s/ MICHAEL D. ANDERSON
                                         MICHAEL D. ANDERSON
                                         Assistant United States Attorney


Dated: April 19, 2021                    _/s/_DAVID M. GARLAND____
                                         DAVID M. GARLAND, ESQ.
                                         Counsel for Defendant
                                         ALEKSANDR MASLOV

///

///

///

///

///

---

support the exclusion" at the judge's discretion. General Order 612, ¶ 5 E.D. Cal. March 18, 2020).

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 20th day of April, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE